UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
PAULINE MABIE,

        Plaintiff,

  -against-

SYRACUSE CITY SCHOOL DISTRICT,

        Defendants.
-----------------------------------------------------------------------X

Docket No. 5:26-cv-240 (ECC/MJK)

**COMPLAINT**

  Plaintiff, PAULINE MABIE, by and through her attorneys, RICOTTA & MARKS, P.C., complaining of Defendant herein, alleges, upon knowledge as to herself and her own actions, and upon information and belief as to all other matters, as follows:

## JURISDICTION AND VENUE

1. This action brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000-e, *et seq.*; and any other cause of action which can be inferred from the facts set forth herein.

2. The jurisdiction of this Court is invoked under 28 U.S.C. § 1331, the doctrine of pendant jurisdiction and the aforementioned statutory and constitutional provisions.

3. Venue is proper pursuant to 28 U.S.C. § 1391.

4. All conditions precedent to maintaining this action have been fulfilled. Moreover, a charge of discrimination was filed with the Equal Employment Opportunity Commission ("EEOC"). A right to sue letter was issued on November 19, 2025.

This action was properly instituted within ninety (90) days of the issuance of said letter. A copy of said letter is attached hereto as Exhibit "A".

## PARTIES

5. At all relevant times mentioned, Plaintiff Pauline Mabie ("Mabie") was a resident of the County of Onondaga, State of New York during the applicable time period referenced below.

6. Defendant, Syracuse City School District ("SCSD"), was and still is a school district located at 725 Harrison Street, Syracuse, NY 13210.

## FACTS

7. In 2019, Pauline Mabie ("Mabie"), who is a lesbian began working for SCDC as a teacher at the Brighton Academy.

8. In or around early 2022, Mabie founded a LGBTQIA+ lunch group for middle school students at the school. However, almost immediately after starting said group, SCDC, through Dr. Archer ("Archer") Vice Principal, began discriminating against Mabie by falsely accusing her of unprofessionalism, and began criticizing Mabie's performance.

9. Additionally, Archer frequently made discriminatory and derogatory comments about Mabie's sexuality including in pre-observation and post-observation conferences. These comments included but are not limited to, Archer telling a story about her son sticking up for a gay friend while playing video games and

2

bringing up Mabie's sexual orientation unprompted and making comments about her being accepting of Mabie's sexual identity. In so doing, Archer subjected Mabie to a hostile work environment, as well as discrimination based on sexual orientation. Mabie opposed these comments by complaining that Archer used her power over Mabie to treat her unfairly and that her similarly situated colleagues outside her protected classes were not similarly treated. However, Archer ignored Mabie's complaints, and no corrective measures were taken.

10. For example, Mabie worked alongside two similarly situated colleagues outside her protected classes who were dating each other, as a grade level team. Mabie's colleagues openly kissed one another while at work (and in front of students). Archer did not discipline Mabie's colleague. Moreover, while one of these colleagues had more behavioral concerns within her classroom than Mabie, Archer did not raise such behavioral issues in their observation and did not raise their public displays of affection.

11. Meanwhile, Archer singled Mabie out due to her sexual orientation. More specifically, when Mabie expressed disagreement with Archer's recommendation for a student needing a 1:1 plan, Archer began making false claims about Mabie, including a false claim of unprofessionalism in Mabie's observations. As such, Archer singled out Mabie due to her sexual orientation while not similarly disciplining her above-referenced colleague who exhibited performance and/or behavioral issues and engaged in public displays of affection while at school.

12. Shortly thereafter, Mabie complained about these discriminatory comments to

      Amanda-Dox-Bobbet from SCDC's Human Resources Department. However, Mabie's complaint was ignored, and no corrective measures were taken.

13. In or around June 2022, homophobic pro-Christian pamphlets were left on Mabie's desk as well as that of Sarah Young, another LGBTQIA+ teacher's desk stating, "repent for our sins," and instructing them to become born again Christians. Mabie reported this incident to Defendant's Human Resources Department. However, SCDC again did not take any corrective action in response to Mabie's protected activity.

14. For the 2022-2023 school year, Mabie transferred to the Delaware Primary School. In or around August 2022 while setting up her classroom, Mabie asked Mrs. Diaz, (first name unavailable) ("Diaz") Program Assistant, if it was okay to hang her LGTTQ+ Pride Progress flag. However, Diaz told her that the flag made her uncomfortable. In or around September 2022, during parent teacher conference day, Diaz also told Mabie that the Bible says that homosexuality is not following the path of God. As such, Defendant further subjected Mabie to discrimination based on her sexual orientation.

15. On or about October 4, 2022, Mabie revealed to her students that she was a gay woman, after a student told another student to, "stop being gay."

16. Later that day, Mabie told Moshiena Faircloth, ("Faircloth") Principal of Delaware Primary School, that she revealed to students that she is a gay woman to help them understand that homophobic comments can harm their peers. However, Faircloth scolded Mabie stating that revealing her sexual orientation was inappropriate and

4

unprofessional in a school setting and suggested she stay in the closet. Additionally, Faircloth also declared, "at least I didn't have any parents call and complain," insinuating there was something wrong with Mabie's sexual orientation. As such, Faircloth subjected Mabie to sexual orientation discrimination as well as a hostile work environment. Mabie complained to Rich Rogers ("Rogers"), Union Representative and Nicole Capesello ("Capesello"), President of the Syracuse Teacher's Union.

17. On or about November 22, 2022, a colleague informed Mabie that she was being transferred to the fourth grade. Mabie then requested a meeting with Faircloth and complained about Defendant transferring her in the middle of the school year, which was not usually done. Faircloth threatened Mabie that she, "[n]eeded to be perfect." Additionally, the teacher who replaced Mabie was transferred to the school because they made homophobic comments in their school, and now Faircloth was moving Mabie to accommodate this teacher, further subjecting her to a hostile work environment in which homosexual employees are singled out.

18. The temporal proximity between Mabie informing that she revealed her sexual orientation to her class, and her transfer weeks later evidences a discriminatory motive.

19. On or about January 10, 2023, Mabie complained to Delaware Primary Administration regarding Faircloth's discriminatory comments and discriminatory criticism of her work.

20. On or about February 13, 2023, Defendant issued Mabie a teacher assistance plan

      upon false basis in further discrimination and/or retaliation for her protected activity.

21. On or about March 5, 2023, Mabie complained to Faircloth that she felt that Faircloth bullied her and that she did not feel she belonged at Delaware Primary School. Faircloth ignored Mabie's complaints, and no corrective measures were taken. Shortly thereafter, Faircloth changed Mabie's teaching assignments and removed Diaz from her room without a replacement, in further discrimination and/or retaliation for her protected activity.

22. On or around March 17, 2023, Mabie met with Defendant's Human Resources, who falsely reprimanded her for unprofessional communication. Subsequently, Faircloth further singled Mabie out by refusing to speak with Mabie, and relaying messages to Mabie through colleagues instead of speaking to her directly. Additionally, Faircloth held private meetings with Mabie's teaching assistants without informing her.

23. On or about April 10, 2023, Defendant's Human Resources scheduled a meeting with Mabie. On or about April 12, 2023, early in the morning. Mabie reported the discriminatory and derogatory sexual orientation-based discrimination she was subjected to in October 2022. However, during the meeting, and mere hours after she engaged in protected activity, Defendant terminated Mabie.

24. On or about June 14, 2023, Defendant confirmed Mabie's termination at a Board of Education meeting.

25. As a result of the foregoing, Mabie has suffered financial damages, future damages,

as well as severe emotional distress damages.

## CLAIMS FOR RELIEF

26. Plaintiff has been subjected to a hostile work environment, and/or adverse employment actions, as well as an atmosphere of adverse employment actions based on her sexual orientation and/or in retaliation for her opposition to discriminatory practices. Defendant DOE's actions are in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000-e, et seq.

34. By reason of Defendant's violation of Plaintiff's rights, Plaintiff has suffered a loss of monetary benefits associated with her employment, in addition to suffering physical, emotional and other damages.

WHEREFORE, Plaintiff demands judgment against Defendant for all compensatory, emotional, physical, lost pay, front pay, injunctive relief, and any other damages permitted by law. It is further requested that this Court grant reasonable attorneys' fees and the costs and disbursements of this action and any other relief to which Plaintiff is entitled. Plaintiff demands a trial by jury.

Dated: Seaford, New York
February 16, 2026

RICOTTA & MARKS, P.C.
*Attorneys for Plaintiff*
2174 Jackson Ave.
Seaford, New York 11783
(347) 464-8694

_____
MATTHEW MARKS, ESQ.